NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN RIBEIRO, PETITIONER, v. GEORGE M. BREWSTER & SONS, RESPONDENT.

\*    \*    \*    \*    \*    \*    \*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with respondent on August 3d, 1928. He says that at that time he was employed by the respondent as a laborer and while so engaged was struck by a steam shovel in the body, face and head. He alleges that as a result of said accident he sustained serious and permanent injuries. He alleges that he received injuries to his head, hearing, body, limbs, back, internal injuries, injuries to nervous system and numerous fractures. He may have actually received a fracture to his sixth rib, at or near the scapula. Whatever injuries he did receive to his body are now entirely cured and have resulted in no permanent disability. He has a bad nose condition consisting of a very bad deflected intra-nasal septum of very long standing, with a large thick spur in each nostril, pressing against each inferior turbinate bone. There is a chronic muco-purulent sinusitis caused by the deflected nasal septum and there is a chronic catarrhal naso-pharyngitis. Petitioner has a total permanent loss of function of his left ear. He has an infection of the large middle ear which is extending into the mastoid bone and which may develop into a chronic mastoiditis or brain abscess or meningitis, any or all of which may in turn result in serious brain or other complications to petitioner and even in his death.

Respondent denies that the nose and ear conditions of petitioner are the result of an accident arising out of and in the course of his employment with respondent, but respondent, taking all injuries, diseases, and any and all other conditions of plaintiff into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of petitioner, and basing the settlement on not only petitioner's present condition but on any and all developments in his condition which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation, is willing to settle the entire matter for five weeks temporary disability from August 3d, 1928, to September 14th, 1928, which amount has already been paid, and for twenty per cent. of total permanent disability, amounting to one hundred weeks at the rate of $17 a week. Respondent also agrees to pay as its share of any counsel fee awarded the attorney for the petitioner the sum of $125 and also agrees to pay the sum of $50 as part of the medical expenses of petitioner.

From the testimony and the facts stipulated, the settlement is fair to both sides and is approved by this court upon the distinct understanding of the petitioner, his attorney, the respondent, and its attorneys that a fundamental element of the settlement is the fact that any future and further developments resulting in an increase of disability to the petitioner or his death are taken into consideration and are in a large measure the reason for the respondent's willingness to agree to this settlement.

\*     \*     \*     \*     \*     \*     \*

JOHN J. STAHL,
*Deputy Commissioner.*